## STATE OF VERMONT
## RUTLAND COUNTY

GEORGE BROTT                )
                            )
                            )          **Rutland Superior Court**
v.                          )          **Docket No. 484-8-06 Rdcv**
                            )
HUBBARD BROTHERS, INC.,     )
TOM HUBBARD, TED HUBBARD, JR., )
and RON SMITH, Trustee of the )
Theodore H. Hubbard Testamentary )     CONFORMED COPY
Trust f/b/o Theodore R. Hubbard )      RUTLAND SUPERIOR COURT

SEP - 2 2008

## DECISION
### Defendants Hubbard Brothers' Motion for Summary Judgment (MPR #3)
### Defendant Ron Smith's Motion for Summary Judgment (MPR #4)

Plaintiff George Brott alleges that Defendants removed personal property from his mobile home, destroyed the mobile home, and failed to pay wages due. His complaint sets forth a number of claims: (1) conversion, (2) trespass, (3) replevin, (4) illegal eviction, (5) failure to pay wages due under 21 V.S.A. § 342, (6) failure to pay overtime wages due under 21 V.S.A. § 384, (7) breach of contract, (8) quantum meruit, and (9) punitive damages.

The present matters before the court are separate motions for summary judgment. The first motion (MPR #3) was filed by defendants Hubbard Brothers, Inc., Ted Hubbard, and Tom Hubbard (collectively, for ease of reference, "Hubbard Brothers"). The second motion (MPR #4) was filed by defendant Ron Smith as Trustee of the Theodore H. Hubbard Testamentary Trust. There is a cross-claim between the two sets of defendants that is not pertinent to the motions for summary judgment.

In response to the motions for summary judgment, Mr. Brott has conceded that partial summary judgment may be entered in favor of defendants Hubbard Brothers on the claims for (5) failure to pay wages and (6) failure to pay overtime wages. Mr. Brott has also conceded that partial summary judgment should be granted in favor of defendant Ron Smith on the claims for (3) replevin, (5) failure to pay wages, (6) failure to pay overtime wages, (7) breach of contract, and (8) quantum meruit.

As to the remaining claims, Mr. Brott contends that there are genuine issues of material fact that preclude the entry of judgment. See V.R.C.P. 56(c)(3) (explaining that summary judgment should be entered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by Rule 56(c)(2), show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law"). The court considers the motions for summary judgment separately.

1

## Defendants Hubbard Brothers' Motion for Summary Judgment

Defendants Hubbard Brothers sought summary judgment on all remaining claims, and submitted a statement of material facts supported by deposition testimony and affidavit. With respect to the claims for conversion, trespass, and replevin, Defendants asserted that summary judgment should be granted because Mr. Brott was not the owner of the mobile home, he had abandoned all of the personal property found inside the home, and had not shown proof that Defendants participated in the removal and destruction of the home. With respect to the claim for illegal eviction, Defendants asserted that they were not the owners of the property on which the mobile home was placed. Finally, with respect to the claims for breach of contract and quantum meruit, Defendants contended that Mr. Brott had been paid for his services. Each of these allegations was supported by deposition testimony or affidavit.

In response, Mr. Brott disputed these assertions. He has filed an affidavit asserting that he is the owner of the mobile home and the personal property contained with the home, and has produced deposition testimony tending to show a question of fact as to whether Defendants participated in the removal and destruction of the mobile home. He has also produced deposition testimony and an affidavit tending to show that he paid rent to Defendants (which would indicate that a rental arrangement existed) and that he has not been reimbursed or completely paid for some activities he performed while an employee of Hubbard Brothers, Inc.

In short, each party has presented evidence to the court demonstrating clear disputes of material facts on central issues in each of the remaining claims in the case, including the ownership of the mobile home, whether any rental agreement existed, and whether Mr. Brott has been paid for services performed. Summary judgment is denied. V.R.C.P. 56(c)(3).

## Defendant Ron Smith's Motion for Summary Judgment

Defendant Ron Smith seeks summary judgment on all remaining claims against the Trust, contending that the Trust was not involved in removing and destroying the mobile home and had no prior knowledge of the plan to do so, and that no written or verbal lease agreement existed between the Trust and Mr. Brott. These assertions are supported by deposition testimony and affidavits.

Mr. Brott disputes these allegations. He claims that Mr. Smith was aware of the plan to remove and destroy the mobile home, and that there was a rental arrangement between himself and Theodore H. Hubbard, who was acting as an agent for the Trust when the rental arrangement was made. Mr. Brott further claims that the other Defendants were acting as agents of the Trust at various times, including when Tom Hubbard ordered Mr. Brott to vacate the premises. Each of these claims are supported by deposition testimony.

2

The evidence presented to the court demonstrates disputed issues of material fact, including whether any of the Defendants were acting as agents of the trust when Mr. Brott was ordered to vacate the premises or when the mobile home was removed and destroyed, and whether a lease agreement existed between Mr. Brott and the Trust. For these reasons, summary judgment is denied. *Id.*

## ORDER

For the foregoing reasons,

(1) Defendant Hubbard Brothers' Motion for Summary Judgment (MPR #3) is *granted* as to the claims for failure to pay wages and failure to pay overtime wages, and is *denied* as to the remaining claims;

(2) Defendant Ron Smith's Motion for Summary Judgment (MPR #4) is *granted* as to the claims for replevin, failure to pay wages, failure to pay overtime wages, breach of contract, and quantum meruit, and is *denied* as to the remaining claims.

Dated at Rutland, Vermont this 29th day of August, 2008.

Hon. Mary Miles Teachout
Superior Court Judge

3